IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 SEP 30 AM 9:34
DEPUTY CLERK

| | |
|---|---|
| BRITTANY MARLOWE HOLBERG, § § Petitioner, § § V. § § WILLIAM STEPHENS, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | No. 2:15-CV-00285-J (death-penalty case) |

## MEMORANDUM OPINION AND ORDER FOR AMENDED PETITION WITH SCHEDULING ORDER

Petitioner Brittany Marlowe Holberg has filed a habeas corpus petition seeking relief from her state capital murder conviction and death sentence. The petition is 725 pages long, with 563 substantive footnotes. Attached to the petition are 514 exhibits consisting of 22,420 pages of documents, plus a videotape. A 60-page table of contents was separately filed, and Holberg has also filed a request to substitute pages 52, 141, 174, 189, 190, 237, 238, 321, 322, 334, 341, 365, 377, 396, 419, 474, 585, 601, and 719 of the petition. (Doc. 1-47.)

The petition is excessive and does not provide the straight forward presentation of issues necessary for a fair consideration and adjudication of the case. While Petitioner Holberg is entitled to present her claims of constitutional error and seek federal habeas relief, her claims must be presented in a manner that permits the Court to intelligently understand the claims asserted and the factual and legal basis supporting them. The petition as it presently stands does not do that. For

example, it contains a 29-page "Procedural History" that is actually a combination of editorialized facts and argument. (Doc. 1, p. 3-30.) The "Statement of Facts" continues in the same vein, with one paragraph beginning, "From the outset the State misled the jury." (Doc. 1, p. 31.) The first twenty-one pages of the statement of facts is organized by subject matter, such as "Holberg's Family History," rather than chronologically. (Doc. 1, p. 33.) A later section describing the trial is laced with argumentative and/or editorial comments such as, "The evidence for burglary was non-existent." (Doc. 1, p. 53.) Judicial effectiveness suffers if the Court is required to independently comb the state court record to determine whether a particular claim is an assertion of fact or is argument. Many of the editorial assertions do not appear to describe facts in the record, even though they are presented as such. Instead, they are Holberg's interpretation of the facts.

A cursory review of the petition raises additional concerns. The statement of facts describing state habeas proceedings, a critical component of a federal habeas proceeding, does not cite to the record. (Doc. 1, p. 60-64). On the other hand, the individual claims contain additional statements of fact and lengthy quotations from the record, with legal discussions within footnotes. (Doc. 1, p. 115, 116-40.) The well-known standards of federal habeas review (doc. 1, p. 65-87), and Petitioner's argument that the deferential standard of 28 U.S.C. § 2254(d) does not apply (doc. 1, p. 87-113), are quite lengthy. In fact, Petitioner's individual claims are not presented until page 113. The petition also has 22,420 pages of exhibits, many of which appear to be documents from the state court records that are customarily filed by Respondent. *See* R. 5, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

Unfortunately, excessively long petitions are becoming commonplace in death penalty cases. *E.g., Young v. Stephens*, No. MO-07-CA-002-RAJ, 2014 WL 509376 (W.D. Tex. Feb. 10, 2014)

(444-page memorandum opinion and order in death penalty case), *vacated in part*, 2014 WL 2628941 (W.D. Tex. June 13, 2014) (post-judgment order describing petition in excess of 400 pages with more than 900 pages of exhibits), *aff'd*, 795 F.3d 484 (5th Cir. 2015). Excessively lengthy petitions are less effective than succinct briefing which (1) acknowledges the deferential standard of review and (2) makes a legal argument to meet it or avoid it, while (3) fairly acknowledging all the facts. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (stating that judges are "like other mortals" with a "finite supply of time and trust," and a lawyer who throws in every arguable point–"just in case"-- is likely to serve the client less effectively than one who concentrates solely on the strong arguments). Because of their length, these petitions can be subject to errors (as demonstrated by the contemporaneous request to substitute nineteen pages of the instant petition). *E.g., Barbee v. Stephens*, No. 4:09-CV-074-Y, 2015 WL 4094055, at *67 (N.D. Tex. July 7, 2015) (discussing problems in 492-page amended petition that were facilitated and exacerbated by its sheer length). Excessively long petitions are concerning because they may obscure important points in unexpected places (like a footnote or an argument not attached to any claim), or within verbose discussions that do not otherwise appear significant (like a preliminary statement of facts designed to indoctrinate rather than inform). The confusion is increased by citations to exhibits rather than to the state court record because the Court must take the additional step of discerning whether the cited material is part of the state court record or is new information presented for the first time in federal court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (holding that review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits). Stated differently, excessive petitions require excessive Court time and resources and

hinder the fair and efficient disposition of a case. For the purpose of aiding the Court in understanding a pleading, "more" is not necessarily better.

Courts have regularly upheld the enforcement of reasonable page limits under various circumstances. *See Young v. Addison*, 490 Fed. Appx. 960, 963-964 (10th Cir. 2012), *cert. denied*, 185 L. Ed. 2d 183 (2013) (upholding the enforcement of local page limits on habeas brief); *Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir. 2000) (rejecting argument that state court page limits excused failure to exhaust federal habeas claim); *Weeks v. Angelone*, 176 F.3d 249, 271-72 (4th Cir. 1999), *aff'd,* 120 S. Ct. 727 (2000) (reasoning that 50-page limit for briefs on direct appeal merely limited the manner in which petitioner could present his arguments and did not wholly prevent him from presenting them); *Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997) (holding that application of page limit for appeals to original proceedings in state court does not violate taxpayer's Constitutional rights); *Pinnell v. Belleque*, 638 F. Supp. 2d 1231, 1258 (D. Or. 2009) (finding 150-page briefing limit for post-conviction death penalty proceedings in state court reasonable and generous); *Barnes v. Dretke*, No. 7:03cv081-R, 2006 WL 229015, *3 (N.D. Tex. Jan. 31, 2006) (Buchmeyer, J.) (upholding state court's enforcement of pages limit); *Orbe v. True*, 233 F. Supp. 2d 749, 763-764 (E.D. Va. 2002) (upholding page limits on state habeas petition in death penalty case). The Court therefore imposes page limits in this case, as set out below, along with briefing requirements aimed at making the petition more effective and helpful to the Court while still ensuring Petitioner a forum to adequately and effectively present all of her claims.

### *Scheduling Order and Briefing Requirements*

*Amended Petition.* Petitioner Holberg shall file an amended petition under Rule 2 of the Habeas Rules no later than **October 30, 2015.** The amended petition, and all briefing in support (but

excluding exhibits) shall total no more than 100 pages. The amended petition shall not use incorporation of or reference to separate documents or appendices to avoid the page limit. The amended petition shall clearly identify the claims that were presented previously to the state court and any claims that were not. The state court records shall not be filed as exhibits, and all references to the state court record shall be accompanied by appropriate citations to the state court record. All facts, legal authority, and argument presented in support of the claims must be contained in the body of the petition and not placed in footnotes.

*Answer.* Respondent is directed to answer the amended petition as required by Rule 5 of the Habeas Rules within **sixty (60) days** of the date that the amended petition is filed. The answer and any supporting brief, excluding exhibits, shall total no more than 100 pages. The same rules that apply to Petitioner regarding footnotes and incorporation by reference apply to Respondent. Respondent shall file a copy of all relevant state-court records at the earliest practical time and in no event later than the time that he files his answer, unless otherwise ordered by the Court.

*Reply.* Holberg may file a reply to Respondent's answer in accordance with Rule 5(e) of the Habeas Rules, provided it is filed with the Court not more than **twenty-five (25) days** after the date of the certificate of service shown on the answer. Holberg's reply and all briefing in support, excluding exhibits, shall total no more than 25 pages, shall be limited to the arguments raised in Respondent's answer, and shall not include any new allegations of fact or new grounds for relief. The same rules that apply to the amended petition regarding footnotes and incorporation by reference

apply to the Reply. State court records shall not be filed as exhibits.

*Motions.* All motions in this case shall comply with the page limits in the local rules. *See* N.D. Tex. Civ. R. 7.2.

ENTERED this 30th day of September, 2015.

                                              CLINTON E. AVERITTE
                                              UNITED STATES MAGISTRATE JUDGE