UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 25 2020
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| BRITTANY MARLOWE HOLBERG, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 2:15-CV-285-Z-BP |
| § | |
| LORIE DAVIS, Director, § | |
| § | |
| Respondent. § | |

**ORDER**

This Court reviewed the voluminous documents filed in the above-referenced case as ECF nos. 93-325 and thereby determined that relevant state court records are unintelligible in their present form. Accordingly, this Court FINDS that the following documents, while possibly interspersed among the approximately 100,000 pages of state court records, are not presented in a coherent, intelligible manner: Volume 8 of the Clerk's Record from Petitioner's state trial court proceeding; and Defendant's Exhibits 109 and 111-13 and Respondent's Exhibits 10-14 admitted into evidence during the evidentiary hearing held in Petitioner's state habeas corpus proceeding.

In an order issued by the state habeas trial court on November 15, 2013, the above-listed state habeas exhibits were placed under seal. The state habeas trial court's order identifies Defendant's Exhibit nos. 109 and 111-13 as "excerpts" from the massive collection of Petitioner's medical records admitted into evidence as Respondent's Exhibit nos. 10-14. Assuming this is correct, the filing of Respondent's state habeas Exhibit nos. 10-14 should suffice to complete this portion of the state court record. Scattered among the massive number of pages already on file in this case are copies of many of Petitioner's medical records, including possibly some of those comprising Respondent's Exhibit nos. 10-14. *See, e.g.,* ECF nos. 203-209. However, it is

impossible to determine if a complete set of Petitioner's medical records, admitted into evidence during her state habeas corpus proceeding, are currently before this Court. Respondent will be directed to file a CD-ROM containing a complete set of Respondent's state habeas Exhibit nos. 10 through 14.

While the CD-ROM containing the otherwise complete version of Petitioner's state trial court records now before this Court does contain a document labeled "Clerk's Record Volume 8," that document does not match the index of the Clerk's record contained in the records now before this court. The CD-ROM purporting to contain Clerk's Record Volume 8 is a brief statement indicating that certain juror questionnaires could not be copied. Some of the documents purportedly contained in Volume 8 of the Clerk's Record, including the jury charge from both phases of Petitioner's capital murder trial, appear in various locations among the state court records currently on file in this cause. *See, e.g.,* ECF no. 136, at 690-721. But it is unclear whether all of the contents of Clerk's Record Volume 8 from Petitioner's trial court proceedings are currently before this court.

For the aforementioned reasons, this Court hereby ORDERS Respondent to submit to the Clerk of the Court one or more CD-ROM's containing (1) a complete set of Respondent's Exhibit nos. 10-14 admitted into evidence during Petitioner's state habeas corpus proceeding and (2) a complete set of the documents contained in Volume 8 of the Clerk's Record from Petitioner's state trial court proceeding. These materials must be submitted on or before **April 27, 2020.**

SIGNED March __25__, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE