IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRITTANY MARLOWE HOLBERG, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 2:15-CV-00285-Z |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Before the Court are Petitioner's Motion to Alter or Amend Judgment (ECF No. 336) (the "Motion") and Respondent's Response in Opposition to the Motion (ECF No. 227) ("Response"). For the reasons set forth below, Petitioner's Motion is **DENIED**.

### BACKGROUND

This Court denied both federal habeas corpus relief and a Certificate of Appealability in a lengthy Memorandum Opinion and Order issued August 13, 2021 (ECF No. 334) ("MOO"). *Holberg v. Lumpkin*, 2021 WL 3603347 (N.D. Tex. Aug. 13, 2021). The Court rendered judgment the same date. ECF No. 335.

### LEGAL STANDARD

FED. R. CIV. P. Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 519 n.5 (2008). "Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact. *Trevino v. City of Fort Worth*, 944 F.3d

567, 570 (5th Cir. 2019). Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. Absent a manifest error of law or fact, newly discovered yet previously unavailable evidence, or an intervening change in controlling law, relief is unavailable under Rule 59(e). *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

**ANALYSIS**

Holberg argues that the Court employed excessive deference to the Texas Court of Criminal Appeals' findings of fact and conclusions of law, both on direct appeal and in her extended state habeas corpus proceeding. However, the plain language of the Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates the deference applied by the Court. As this Court explained in its MOO, Holberg's disagreement with the credibility finding made by the state habeas court does not — in the absence of clear and convincing evidence to the contrary — permit this Court to disregard the state habeas court's express or implicit factual findings. *Holberg*, 2021 WL 3603347, *54-*63, *74-*77, *113-*116.

The state habeas court reasonably concluded the affidavits offered by the State were more credible than the recanting deposition testimony of Vickie Kirkpatrick and the affidavits of Holberg's other witnesses. All these witnesses collectively alleged a vast conspiracy by the prosecution to intimidate witnesses, suborn perjury, and conceal evidence of same from the defense prior to Holberg's capital murder trial. As explained in the MOO, Holberg's many witnesses purportedly acquired more detailed and fact-specific recollections of the events preceding Holberg's trial as the years passed and subsequently furnished Holberg's attorneys with newer and more detailed affidavits. Such an occurrence lends objective reasonableness to the state

habeas court's implicit credibility findings. *Id*. Human memory tends to fade over time everywhere except in the recanting affidavits of Holberg's witnesses.

Additionally, Holberg fails to address two other reasons for crediting the state habeas court's implicit and express credibility findings regarding Kirkpatrick's recanting affidavits and deposition testimony. First, Kirkpatrick's trial testimony was far more consistent with the physical evidence at the crime scene than was Holberg's inconsistent testimony about her encounter with her elderly victim given during the guilt-innocence phase. Second, Kirkpatrick refused to permit her former trial counsel to testify about her conversations with Kirkpatrick when challenged to do so during Kirkpatrick's deposition testimony in Holberg's state habeas corpus proceeding. The state habeas court could reasonably conclude the testimony of Kirkpatrick's former state trial counsel would not have supported Kirkpatrick's recanting testimony.

Holberg cites *Panetti v. Quarterman*, 551 U.S. 930, 953-54 (2007) and *Simon v. Epps*, 463 F. App'x 339 (5th Cir. 2012), arguing this Court should not have applied AEDPA deference to her state habeas corpus proceeding because the state habeas court failed to furnish Holberg with what she demanded — a full evidentiary hearing on all her state habeas claims. Relying upon case law taken from wholly inapposite competency-to-be-executed proceedings, Holberg seeks to eviscerate the AEDPA's standard of review in all cases except those in which a state habeas court held a full evidentiary hearing on all claims. In this case and similar cases, such a practice would effectively mandate a retrial of all issues originally before the state trial court. As explained in the MOO, Holberg's reliance on *Panetti* and *Simon* is misplaced. *Holberg*, 2021 WL 3603347, *25-*27.

Finally, Holberg argues this court should have granted her a Certificate of Appealability ("CoA") on her claims relating to the recanting deposition testimony of Vickie Kirkpatrick. For the reasons discussed at length in the MOO, Holberg is not entitled to a CoA on any of those claims. Holberg's claims relating to Kirkpatrick's recanting deposition testimony hinge upon the credibility of Kirkpatrick's recanting testimony and the testimony of Holberg's other witnesses. The state habeas court determined all this testimony was not credible. As explained in the MOO, Holberg failed to present this Court with clear and convincing evidence showing the state habeas court's express and implicit credibility findings on those subjects were erroneous. *Holberg*, 2021 WL 3603347, *54-*63, *74-*77, *113-*116. Holberg is not entitled to a CoA from this court.

As explained above, a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence. A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Rollins v. Home Depot USA*, 8 F.3d 393, 396 (5th Cir. 2021); *Matter of Life Partners Holding, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019); *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019). Holberg identified no manifest errors of law or fact and no newly discovered evidence which warrant a different outcome in this federal habeas corpus proceeding.

Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *Schiller*, 342 F.3d at, 567. Holberg did not identify any intervening changes in law warranting alteration or amendment of the judgment in this case. Reconsideration of a judgment after its entry is an extraordinary remedy and should be used sparingly. *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Holberg failed to meet this standard for extraordinary relief.

Holberg's Rule 59(e) motion is little more than a rehashing of the same legal and factual arguments she argued in her pleadings for federal habeas relief. Further, she is not entitled to a CoA regarding the denial of her motion to alter or amend judgment. Accordingly, the Court finds Petitioner's Motion — and all relief requested therein — should be and is hereby **DENIED**.

**SO ORDERED**

November 15, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE